STATE OF MAINE                                    SUPERIOR COURT
HANCOCK, SS.                                      Docket No. RE-02-07


STEPHEN and KENNETH SHEA )
              Plaintiffs,          )
                                   )
                                   )
                                   )
        v.                         )        **DECISION AND JUDGMENT**
                                   )
                                   )
EBERHARDT and AUGUSTINE )
DUSCHEK and PATRICK        )
JORDAN,                            )
              Defendants.  )                      OCT 20 2004


        The Plaintiffs' Second Amended Complaint (dated April 4, 2002) alleges five
counts as follows:

    COUNT I:    Trespass and declaratory judgment (14 MRSA §5951-5963) seeking
                determination of location and extent of utility easement on
                Ellsworth property.
    COUNT II:   Trespass to timber by Defendants Duschek (treble damages,
                punitive damages, and injunctive relief sought))
    COUNT III:  Trespass (intentional and willful) on Shea property by Duscheks
                (injunctive and compensatory relief – including punitive damages -
                sought)
    COUNT IV:   Trespass (clearing of road) on Shea property by Jordan(injunctive
                and compensatory relief – including punitive damages - sought)
    COUNT V:    Trespass and declaratory judgment (14 MRSA §5951-5963) seeking
                location of easement in Town of Hancock and determination of
                overburdening of easement by all Defendants.

This is the third and latest in a series of lawsuits between these parties and others
seeking to establish or clarify rights in property situated on the Stabawl Road in
Ellsworth and the Town of Hancock. The saga of earlier litigation is well documented in
the parties' submissions and need not be repeated here. Suffice to say that the earlier
cases established a basis for a utility easement through the Ellsworth portion of the
properties and an easement for Defendants' benefit across the Babcock property.

        Several of the issues presented by Plaintiffs' Complaint turn upon the Plaintiffs'
assertion, presented now for the first time in these disputes, that the easement
established in prior proceedings is located entirely upon their property. They assert that
the Stabawl Road easement does not, in fact, traverse the Babcock property. If they are
correct in this assertion, they are entitled to most of the relief sought in the Complaint. If
not, their remedies are notably reduced. Accordingly, the court will first turn to this
issue.

The Defendants vigorously assert that the issue is barred by the doctrines of *res judicata*. Although the location of the Babcock/Shea property line was not expressly designated as a contested issue in the previous proceedings, this court adopted a finding proposed by Defendant Jordan which provided:

> At the time Jordan's Little Lot was conveyed, the only access to same was over Stabawl Road, which was owned on the North to the centerline by Shea and owned on the South to the centerline by Babcock.

The court also found in earlier proceedings that the present location of the Stabawl Road was the historical location for purposes of the municipality and the landowners. Accordingly, the court accepts the Defendants' argument that the doctrine *of res judicata* resolves this issue. The Babcock/Shea boundary is located at the centerline of the Stabawl Road and Defendants are vested with easement rights along the Babcock portion.

However, should any question arise regarding the merits of the Plaintiffs' arguments at trial, the court will address them herein. Surveyor Stanley Plisga of Plisga & Day testified that he ran the lines of the Holmes to Holmes conveyance of 1861 (the source deed). In 1875, the southerly lots were conveyed out by a fairly good metes and bounds description (line F-E on the survey, Plaintiffs' exhibit 1). The F-E line is represented by the center line of the four rod wide Stabawl Road.

Surveyor Plisga determined the length of the D-C line from deed descriptions. He attempted to locate the other lines of the Holmes conveyance (A-B, B-C, C-D, and D-A) but admitted that some were difficult to determine with precision. Working with these lines and the purported acreage of the descriptions, Surveyor Plisga offered the opinion that the Babcock property[1] actually terminates well short of the side of the Stabawl Road and, thus, the Shea property totally subsumes the Stabawl Road easement area. If his opinion is correct, the Defendants' easement rights over the Babcock property, as established by prior proceedings, are nullities.

The court finds Surveyor Richard Salisbury's opinion to be more convincing. He notes that the southerly conveyances invoke the road as a monument and connect with other monuments which cannot be found now. He noted in the earlier proceedings that he found no evidence suggesting that the present Stabawl Road was in any location other than its location when the earlier conveyances were made. It still serves as a monument. He faults Plisga's methodology by stating, "These lines start from the road. You don't use the deeds to work back to the starting point." He also points out that the Shea property has never been a metes and bounds description – it is bounded by the road on the south and, consistent with earlier rulings, extends to the center line.

Surveyor Salisbury stated that the current gravel road is the centerline for the four rod right of way. As before, the court accepts and adopts his opinion.

---

[1] The references to the Babcock property apply to the present day Duschek and Hurley boundaries.

Returning to the allegations of the Second Amended Complaint, the evidence suggests that the cutting for the utility lines was conducted by the utility company and was consistent with duly obtained permits. For that reason, the court concludes that the placement and installation is consistent with law and previous decisions of this court and no injunctive or compensatory relief is due to Plaintiffs on Count I.

Regarding Count III and any counts which depend upon the location of the Shea/Babcock boundary line, the court declares the boundary to be the centerline of the well-established gravel traveled way of the Stabawl Road easement as determined earlier by this court.

Regarding Count II, the court finds that the Plaintiffs have not sustained their burden of proving either the fact of any trespass by Duschek or damages with specificity. Accordingly, judgment is rendered in favor of Defendant Duschek.

Regarding Count IV, the court finds encroachment and negligent trespass by Defendant Jordan. Defendant Jordan shall replant the area under the supervision of a forester who shall be selected by the Plaintiffs and compensated by Defendant Jordan.

Regarding Count V, the record suggests that the Defendants have conveyed certain properties to each other which create a network of passages which serve their properties to the east of the Stabawl Road easement. It has been suggested that Defendant Jordan uses the easement along with the Duschek conveyance to obtain access for commercial vehicles to his "big" lot. Although Duschek denies any intent to develop his easterly acreage, Plaintiffs seek an injunction limiting the power easement to his personal residence.

As the court cannot find that either use constitutes an impermissible overburdening of the easements, the court must decline to order injunctive relief as the Plaintiffs request.

Accordingly, the Clerk may enter judgment by reference upon the record as noted above. The court declines to enter an award of costs to any party.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 9, 2004

_____
Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

**FILED &
ENTERED**

SEP 1 3 2004

**SUPERIOR COURT
HANCOCK COUNTY**